UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

TIYA L. MCIVER,

               **Plaintiff,**

     -against-

THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF
NEW YORK, COLUMBIA
UNIVERSITY SCHOOL OF
PROFESSIONAL STUDIES CAREER
DESIGN LAB, KELLY AHN, ZELON
E. CRAWFORD, DAVID SLOTNICK
and DIANE SPIZZIRRO,

               **Defendants.**

Case No. 1:25-cv-00034

**CIVIL CASE
MANAGEMENT PLAN
AND SCHEDULING
ORDER**

-------------------------------------------------------------------------X

      This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent _____ / do not consent ___**X**___] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [If all parties consent, the remaining paragraphs need not be completed.]

2. Settlement discussions [have ___**X**___ / have not _____] taken place.

3. The parties [have ___**X**___ / have not _____] conferred pursuant to Fed. R. Civ. P. 26(f).

4. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within ___**30**___ days from the date of this Order. [Absent exceptional circumstances, thirty (30) days.]

5. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than _____ days from the date of this Order. [Absent exceptional circumstances, fourteen (14) days.]

      **Pursuant to the Second Amended Standing Administrative Order (Docket No. 9), the Pilot Discovery Protocols for Counseled Employment Cases "supersede the parties' obligations under Fed. R. Civ. P. 26(a)(1)."** Accordingly, the parties will exchange

documents and information in accordance with the pilot program, April 18, 2025 and will not exchange Rule 26(a)(1) disclosures.

If, however, the Court grants the parties' request to postpone mediation until a later point in discovery, the parties will exchange disclosures pursuant to Fed. R. Civ. P. 26(a)(1) within 14 days of the issuance of this order.

6. Fact Discovery

   a. All fact discovery shall be completed no later than: **August 11, 2025**. [A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]

   b. Initial requests for production of documents shall be served by: **April 25, 2025**.

   c. Interrogatories shall be served by: **April 25, 2025**.

   d. Depositions shall be completed by: **August 11, 2025**.

   e. Requests to admit shall be served by: **July 11, 2025**.

   f. Any of the deadlines in paragraphs 6(b) through 6(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 6(a).

7. Expert Discovery

   a. All expert discovery, including expert depositions, shall be completed no later than ____. [Absent exceptional circumstances, a date forty-five (45) days from the date in paragraph 6(a) (*i.e.*, the completion of all fact discovery).]

   b. Plaintiff's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made on or before

   c. Defendant's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made on or before

   d. The interim deadlines in paragraphs 7(b) and 7(c) may be extended by the written consent of all parties without application to the Court, provided that expert discovery is completed by the date set forth in paragraph 7(a).

**At this juncture, the parties only anticipate expert discovery relating to damages. Any expert discovery relating to damages, including forensic examination, will be postponed until after the Court has ruled on any motion for summary judgment.**

2

8.     All motions and applications shall be governed by the Court's Individual Practices

9.     All counsel must meet in person to discuss settlement within fourteen (14) days following the close of fact discovery.

10.    a.    Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:

**If the mediation is to proceed prior to formal discovery, the parties will exchange information in accordance with the Pilot Discovery Protocols for Counseled Employment Case.**

      b.    Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

**The Case has been referred to the District's mediation program. A Mediator has been assigned, and mediation is tentatively scheduled for May 7, 2025. Shortly before the filing of this lawsuit, the parties engaged in mediation through the Equal Employment Opportunity Commission, which was unsuccessful. The parties respectfully submit that the outcome is unlikely to be different at this early stage of the litigation and request that any mediation through the District's mediation program be postponed until a later point in discovery.**

      c.    Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 10(b) be employed at the following point in the case (e.g., within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

**The parties recommend that the alternate dispute resolution mechanism designated in paragraph 10(b) be employed after party depositions.**

      d.    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order

11.    Unless otherwise ordered by the Court, any summary judgment motion shall be filed within fourteen (14) days of the close of all discovery. The parties shall submit a Joint Pretrial Order prepared in accordance with Fed. R. Civ. P. 26(a)(3) and the Court's Individual Practices within thirty (30) days of a decision on such motion. If no motion for

summary judgment is filed, the parties shall file the Joint Pretrial Order within thirty (30) days of the close of discovery. Any motions in limine shall be filed on or before the date on which the Joint Pretrial Order is due. If this action is to be tried before a jury, proposed voir dire, jury instructions, and verdict form shall also be filed on or before the Joint Pretrial Order due date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Joint Pretrial Order due date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted on or before the Joint Pretrial Order due date.

**Any summary judgment motion shall be filed within sixty (60) days from the end of fact discovery.**

12. The parties shall be ready for trial ~~on~~ **_within forty-five (45) days of the Court's decision on a motion for summary judgment__**. [Absent exceptional circumstances, a date within two weeks following the Final Pretrial Order due date.]

13. This case [is __X____ / is not _____ ] to be tried to a jury.

14. Counsel for the parties have conferred and their present best estimate of the length of trial is __**five to seven days**__.

15. Other issues to be addressed at the Initial Pretrial Conference, including those set forth Fed. R. Civ. P. 26(f)(3), are set forth below:

**Defendants request that Plaintiff provide executed authorizations for release of her medical records, including psychological and psychiatric records, by April 25, 2025. The parties will submit a proposed protective order to ensure the confidentiality of such records.**

| COUNSEL FOR PLAINTIFF | COUNSEL FOR DEFENDANTS |
|---|---|
| THE SAMUEL LAW FIRM | JACKSON LEWIS P.C. |
| *[signature]* | *[signature]* |
| By: Andrew Beresin, Esq. | By: Susan D. Friedfel, Esq. |
|     Michael Samuel, Esq. |     Sean B. King, Esq. |
| 1441 Broadway - Suite 6085 | 44 South Broadway – 14th Floor |
| New York, New York 10018 | White Plains, New York 10601 |
| (212) 563-9884 | (914) 872-8027 |

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as provided in paragraph 6(f) and 7(d)) shall be made in a written application in accordance with Court's Individual Practices and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

**The initial conference scheduled for April 11, 2025 is ADJOURNED sine die.**
**This referral to the SDNY Mediation program is hereby withdrawn.**
**The parties shall commence discovery promptly and shall file a joint status letter no later than August 11, 2025.**

**SO ORDERED.**

**April 9, 2025**

_____
J. PAUL OETKEN
United States District Judge

5