UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

TIYA L. MCIVER,

            **Plaintiff,**

  -against-

THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF
NEW YORK, COLUMBIA
UNIVERSITY SCHOOL OF
PROFESSIONAL STUDIES CAREER
DESIGN LAB, KELLY AHN, ZELON
E. CRAWFORD, DAVID SLOTNICK
and DIANE SPIZZIRRO,

            **Defendants.**

-----------------------------------------------------------------X

Case No. 1:25-cv-00034

**PROTECTIVE ORDER**

    The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

    **ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

    a. previously nondisclosed proprietary or financial information (including without limitation individual salary and compensation records of non-party individuals);

    b. medical records;

    c. previously nondisclosed business plans, product development information, or marketing plans;

    d.  any information of a personal or intimate nature regarding any individual;

    e.  non-public family, medical, educational, mental health and/or employment records of non-parties;

    f.  any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential, they may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person, except to:

    a.  the parties to this action;

    b.  counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    c.  as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    d.  any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    e.  any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    f.  stenographers engaged to transcribe depositions conducted in this action; and

    g.  the Court and its support personnel.

6. If a party seeks to file Confidential Discovery Material with the Court, the party shall seek Court approval prior to filing under seal in accordance with this Court's Individual Rule & Practices in Civil Cases. The parties will use their best efforts to minimize such sealing.

7. Confidential Discovery Material shall be used only for purposes of this litigation (including appeals, if any) and not for any other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except those to whom it is necessary that such material be given or shown for the purposes permitted hereunder and in the manner specified herein.

8. Counsel must retain the signed Non-Disclosure Agreement for each person provided access to Confidential Discovery Material pursuant to subparagraphs 5(d) and 5(e) and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court.

10. The Court retains unfettered discretion whether to afford confidential treatment to any Confidential document or information contained in any Confidential document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

11. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege, attorney-work-product protection, physician-patient privilege or any other recognized privilege ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information and its subject matter. Notice of any claim of privilege as to any document claimed to have been produced inadvertently shall be given within two business days after discovery of the inadvertent production and the notice shall include a statement of the basis for the producing party's contention that the material is privileged. This written notice shall be deemed to comply with the producing Party's obligation to take reasonable steps to rectify disclosure pursuant to Federal Rule of Evidence 502(b)(3), and the parties hereby incorporate the procedures and protections of Federal Rule of Evidence 502, including subpart (d). The Parties recognize that the protection under this Paragraph 12 is stricter than that provided for under Fed. R. Civ. P. 26(b) 5(B).

13. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

14. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information, and the receiving party shall then have five business days to give written notice to counsel of any challenge to any assertion of privilege with respect thereto. If the receiving party does not challenge the assertion of privilege within the five-business-day period, it will be deemed to have waived its claim that the material is not privileged. If the receiving party gives notice that it challenges the assertion of privilege within the five-business-day period, the producing party shall have ten (10) business days from the date of the notice of challenge to apply to the Court to resolve the dispute. If the producing party fails to apply to the Court within the ten-business-day period, it will be deemed to have waived its claim of inadvertent production. The produced material at issue shall be returned by the receiving party until the resolution of the dispute. If the Court determines – or the Parties otherwise agree – that the disputed material is not privileged, the producing Party shall return such material immediately. Nothing in this paragraph shall increase or diminish the rights of a Party to contest, or the manner in which such Party may contest, such privilege claim to the extent and in the manner permitted by law.

15. As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The receiving party shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

16. The disclosing party retains the burden of establishing the privileged or protected nature of any information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

17. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, be destroyed.

18. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED

| THE SAMUEL LAW FIRM | JACKSON LEWIS P.C. |
|---|---|
| By: /s/ Andrew Beresin<br>Andrew Beresin, Esq.<br>Michael Samuel, Esq. | By: /s/ Susan D. Friedfel<br>Susan D. Friedfel<br>Sean B. King |
| *Counsel for Plaintiff* | *Counsel for Defendants* |
| Dated: May _16_, 2025 | Dated: May _19_, 2025 |

SO ORDERED:

Date: May 20, 2025

_____
J. PAUL OETKEN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

TIYA L. MCIVER,

                     **Plaintiff,**

        **-against-**

THE TRUSTEES OF COLUMBIA                             Case No. 1:25-cv-00034
UNIVERSITY IN THE CITY OF
NEW YORK, COLUMBIA
UNIVERSITY SCHOOL OF                                     **NONDISCLOSURE**
PROFESSIONAL STUDIES CAREER                          **AGREEMENT**
DESIGN LAB, KELLY AHN, ZELON
E. CRAWFORD, DAVID SLOTNICK
and DIANE SPIZZIRRO,

                     **Defendants.**

-------------------------------------------------------------------X

        I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to any other person; that I will not use such Confidential Discovery Material other than for purposes of this litigation; and that at the conclusion of the litigation, I will return all Confidential Discovery Material to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder, and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.


Signature:_____


Date:_____