UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIYA L. MCIVER,

                          Plaintiff,

          -v-

THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF NEW
YORK, *et al.*,

                          Defendants.

25-CV-34 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Tiya L. McIver brings this action against the Trustees of Columbia University in

the City of New York, Columbia University School of Professional Studies Career Design Lab,

Kelly Ahn, Zelon E. Crawford, David Slotnick, and Diane Spizzirro (collectively,

"Defendants").  Before the Court is Defendants' letter motion for a protective order limiting the

parties' use of discovery materials to litigation purposes only.  (ECF No. 36.)  Plaintiff, who

opposes the letter motion, seeks to publicly disclose transcript and video excerpts from the

deposition of Defendant Zelon E. Crawford.  (ECF No. 38.)

## I.     Background

This case concerns Plaintiff's employment discrimination and retaliation claims against

Defendants.  (*See generally* ECF No. 19.)  The parties stipulated to a protective order (the

"Protective Order") that governs this case.  (ECF No. 18.)  The Protective Order provides that a

party producing discovery material may designate as confidential those portions of such material

that consist of certain private information.  (*Id.* ¶ 2.)  With respect to deposition transcripts and

exhibits, a producing person or that person's counsel may indicate on the record that a question

calls for confidential information, in which case the transcript of the designated testimony is

separately bound and marked as confidential.  (*Id.* ¶ 3.)  A party can designate discovery material as confidential after production of such material by apprising all parties in writing.  (*Id.* ¶ 4.)  Once material is designated as confidential, it cannot be disclosed to third parties.  (*Id.* ¶ 5.)

On March 10, 2026, Plaintiff's counsel emailed counsel for Defendants indicating Plaintiff's intent to publicly disclose "some or all" of Crawford's deposition testimony.  (ECF No. 40-1 at 2.)  Plaintiff's counsel stated that Crawford's testimony relates to "matters of public interest" such as "the falsity of Defendants' public denials of Plaintiff's allegations" and "the potential risks to the rights of others who may be affected by ongoing or prospective illegal misconduct on the part of [Crawford]" and others.  (*Id.*)  The email does not identify which portions of Crawford's testimony relate to such matters and indicates that Plaintiff is "willing to discuss a negotiated settlement that may adequately address her concerns without the need to proactively bring public pressure to bear."  (*Id.*)  Neither party suggests that the relevant portions of Crawford's deposition are designated confidential under the existing Protective Order.

Defendants filed the present letter motion on March 10, 2026.  (ECF No. 36.)  The next day, the Court entered an interim order preventing Plaintiff from disseminating any discovery materials to the public pending further order.  (ECF No. 37.)  On March 13, 2026, Plaintiff filed an opposition to the motion.  (ECF No. 38.)  Plaintiff then filed, under seal, the email chain from March 10, 2026 and the transcript of Crawford's deposition.  (ECF No. 40-1; ECF No. 40-2.)  The Court held a telephonic conference on April 1, 2026.

## II.     Discussion

Defendants seek a protective order limiting the use of discovery materials to litigation purposes only and prohibiting dissemination of discovery materials, including deposition transcripts and video clips, to media or any other third party.  (ECF No. 36-1.)  Defendants rightfully argue that, at this early stage of litigation, neither the deposition transcript nor

2

deposition video qualify as judicial documents to which a presumptive right of access attaches. (*See* ECF No. 36 at 2.)  Here, no transcript or video excerpt of Crawford's deposition "has been placed before the court by the parties" for purposes related "to the performance of the judicial function." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quotation marks omitted). "Documents that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption's reach[.]" *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).  And Plaintiff did not turn the transcript of Crawford's deposition into a judicial document by filing it on the docket for purposes of resolving this dispute.  *See S.E.C. v. TheStreet.Com*, 273 F.3d 222, 233 (2d Cir. 2001) (rejecting argument that document became a judicial document because the Court reviewed it in order to determine whether to enter a protective order).

Because the transcript excerpts and video clips at issue "lie . . . beyond the presumption's reach," *Amodeo*, 71 F.3d at 1050, the Court considers Defendants' motion for a protective order only under the standard set forth by Federal Rule of Civil Procedure 26.  Rule 26 provides that courts "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  Such authority allows a court to, among other things, require that a deposition be sealed where good cause warrants such measures.  *Id*.  "District courts in this Circuit have interpreted this standard as requiring a showing that disclosure will result in a clearly defined, specific and serious injury." *Laugier v. City of New York*, No. 13-CV-6171, 2014 WL 6655283, at *1 (S.D.N.Y. Nov. 24, 2014) (quotation marks omitted).  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Id.* (quotation marks omitted).

Defendants fail to establish good cause.  Their letter motion states in broad terms that "[r]eleasing selective excerpts would serve no purpose other than to expose a private person to unnecessary scrutiny" and "would inflict heightened annoyance and embarrassment," especially "in the current age of viral social media videos."  (ECF No. 36 at 3-4.)  But Defendants do not identify with any specificity the portions of the deposition that would cause such harm to Crawford, do not explain why those portions would cause that harm, and do not articulate with any detail what that harm would look like.[1]  Where defendants "ha[ve] not identified particular portions of the testimony that . . . are likely to cause harm if they are publicly available" and instead "rely on conclusory and unverified assertions about online harassment, untethered either to specific content or identifiable third-party actors," they have failed to establish good cause. *The Authors Guild v. Nat'l Endowment for the Humanities*, No. 25-CV-3657, 2026 WL 810422, at *9 (S.D.N.Y. Mar. 23, 2026).  Such broad allegations "do[] not establish the kind of 'clearly defined, specific and serious injury' required for the entry of a protective order under Rule 26(c)."  *Id.* (quoting *In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006)).

---

[1] Upon questioning by the Court at the April 1, 2026 conference, Defendants listed three categories of deposition testimony that could be harmful to Crawford, but even that discussion failed to identify the specific content of those comments or the harm that would be caused by their publication.  Such a high-level articulation of potentially harmful excerpts does not amount to the "highly particularized finding of good cause" required in such a case.  *See In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006).

Accordingly, Defendants' motion for a further protective order (ECF No. 36) is
DENIED.  The temporary restraint imposed by the Court's March 11, 2026 interim order (ECF
No. 37) is hereby DISSOLVED.

SO ORDERED.

Dated: April 2, 2026
       New York, New York

_____
J. PAUL OETKEN
United States District Judge